

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEEMA BAWANEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 5390 |
| | ) | |
| v. | ) | Ronald A. Guzmán |
| | ) | |
| TCF BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Seema Bawaney, proceeding *pro se*, has sued TCF Bank for its alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* Defendant, which contends that Bawaney intentionally misrepresented her financial status on her application to proceed *in forma pauperis* ("IFP"), has moved to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(A) ("section 1915"). For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion.

### Background

Bawaney completed her IFP application on December 5, 2005. (Mot. Dismiss, Ex. 1, IFP Application.) Her response to the third question on the application, which asks whether she or anyone living with her had received more than $200.00 from any source within the twelve months preceding her application, was "No." (*Id.* at 1-2.) The fourth question asks whether anyone living with Bawaney had more than $200.00 in cash or a bank account. In response, Bawaney said her mother, with whom she lived, had a bank account with more than that amount, but she did not know the precise amount. (*Id.* at 2.) By signing the IFP application, Bawaney

"declare[d] under penalty of perjury that the . . . information [in it was] true and correct." (*Id.* at 3.)

After Bawaney submitted the application, defendant subpoenaed her bank records. The subpoena required the bank to produce "all documents regarding or relating to Seema Bawaney, including, but not limited to, correspondence, loan application or other forms, balance statements, any payments made by Seema Bawaney, and any payments made on behalf of Seema Bawaney by any other entity." (*Id.*, Ex. 2, Subpoena.) In response to the subpoena, the bank produced statements from three different accounts: two checking accounts in Bawaney's name and a savings account in both her name and her mother's name. (*See id.*, Exs. 3-5, Bank Records.) According to those records, from December 6, 2004 through December 5, 2005, the twelve months preceding Bawaney's IFP application, approximately $200,000.00 was deposited into those accounts (*Id.*) Moreover, during the same period, Bawaney withdrew funds from those accounts to make payments to, among other places, a fitness center, a cellular phone service provider and various credit card companies. (*Id.*, Ex. 3, Bank Records.) In defendant's view, these documents establish that Bawaney intentionally misrepresented her financial status on her IFP application.

## Discussion

Section 1915 allows district courts to "authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and states] that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). If, however, the court discovers that an applicant has misrepresented her financial status, her case must be dismissed. *See* 28 U.S.C. §

1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." (emphasis added)); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice.").

The bank records, which show that about $200,000.00 was deposited into accounts in Bawaney's name during the relevant period, establish that her allegation of poverty was untrue. (*See* Mot. Dismiss, Exs. 3-5, Bank Records.) Thus, this case must be dismissed. 28 U.S.C. § 1915(e)(2)(A). The only question is whether that dismissal should be with or without prejudice, a decision that is left to the Court's discretion. *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1997).

In determining whether a dismissal should be with prejudice, courts generally consider the magnitude of the omission and whether it was intentional or inadvertent. *See, e.g., id.*; *Lukaneva v. Levy Restaurants*, No. 05 C 6159, 2006 WL 1823169, at *9 (N.D. Ill. June 29, 2006); *Collins v. Dean Foods Co.*, No. 00 C 1224, 2001 WL 1263500, at *2 (N.D. Ill. Oct. 19, 2001). Both factors favor a dismissal with prejudice in this case.

The size of the omission in this case is astounding. Bawaney did not forget to mention a few dollars she had stowed away. Her bank records show that she concealed the existence of almost $200,000.00, nearly one thousand times more than the amount she needed for the filing fee.

Moreover, the Court finds, for several reasons, that the omission was intentional. First, it was outcome determinative. Absent the omission, Bawaney's IFP application would have been denied. Second, Bawaney's explanation for the omission, that the funds were not really hers to

3

spend, is not supported by any affidavits and is contradicted by the bank records. No one, including Bawaney, has stated under oath that her use of these funds was limited, and the bank records show that she repeatedly dipped into them to pay a variety of personal expenses. (*See* Mot. Dismiss, Exs. 3-5.) Third, her explanation does not cure all of the misrepresentations in the application. If Bawaney believed she did not have to list the bank accounts in response to question four because the money really belonged to her mother, then she should have answered "yes" to question three, which asks whether anyone living with her had received more than $200.00 from any source in the preceding year. In short, Bawaney's claim that her failure to disclose the bank accounts was a good-faith mistake is simply incredible.

Bawaney's intentional failure to disclose substantial assets on her IFP application makes a mockery of section 1915, a statute designed to help the truly indigent. The most appropriate sanction for, and effective deterrent to, such a flagrant abuse of that section, is a dismissal with prejudice.

### Conclusion

For the foregoing reasons, this Court grants defendant's motion to dismiss [doc. no. 25]. This case is dismissed with prejudice.

**SO ORDERED.**  ENTERED: 12/5/06

RONALD A. GUZMAN
**United States District Judge**